IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH LUNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1759 |
| | § | |
| MACY'S SOUTH, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM & OPINION ON THE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED EXPERT DESIGNATIONS

The plaintiff, Elizabeth Luna, sued her former employer, Macy's, for injuries sustained while working. Luna sued in Texas state court on April 3, 2017, and Macy's timely removed. (Docket Entry No. 1). The court held a Rule 16 scheduling conference on February 27, 2018. Both counsel appeared in person and agreed to a docket control and scheduling order. (Docket Entry No. 8). The scheduling order set a March 20, 2018 deadline for Luna to designate her expert witnesses in writing and provide their reports, as required by Rule 26(a)(2).

Luna designated her expert witnesses on March 20. (Docket Entry No. 16). The list included a number of nonretained treating medical providers to testify about Luna's medical condition, prognosis, damages, and causation. Luna also designated two independently retained experts, Dr. Sasha Iversen, D.O. and William L. Davenport, M.B.A. According to Luna's designation, Dr. Iversen is board-certified in physical medicine and rehabilitation and would testify about the reasonableness and medical necessity of Luna's past care, as well as the necessity and cost of her long-term future care. Mr. Davenport is an economics and financial analyst expert who would testify about the future value of Luna's necessary, long-term medical

1

care. Luna did not include the Rule 26(b)(2) reports with her filing, nor did she serve Macy's with the reports.

Two months later, on May 21, 2018, Luna filed a motion for leave to amend her expert designations. (Docket Entry No. 19). Luna asks the court to allow her to serve the expert reports from Dr. Iversen and Mr. Davenport now. She also asks to designate two mental-health experts, Karla Solis-Auces, L.P.C. and an unnamed neuropsychologist, both treating her for major depression. Luna argues that the delay is justified because the scheduling order allowed her only 20 days to designate her experts and serve their reports, which was insufficient time. She argues that when she timely designated her experts, she did not yet have their reports. Luna also justifies her request to add the two additional experts, explaining that Dr. Iversen referred her to Dr. Solis-Auces and for follow-up with an unidentified doctor during her exam on May 9, after the expert-designation deadline had passed. Luna argues that delay alone does not cause sufficient prejudice to Macy's to justify excluding the testimony.

Macy's opposes the request, arguing that Luna did not move to extend the time for submitting reports for previously named experts or to add new experts until almost three months after entry of the scheduling order. That was after the defendant's responsive expert deadline had passed, after Luna's deposition was taken, and after discovery closed. Macy's also argues that the request comes only a few months before the trial date, 14 months after Luna filed her lawsuit, and nearly 2.5 years after her alleged injuries. Macy's argues that Luna's explanations do not substantially justify her failure to timely designate and that the expert testimony should be excluded under Rule 37(c).

A district court has "wide latitude" in pretrial matters to issue orders based on "intelligent flexibility." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998)

(quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). The Fifth Circuit instructs district courts "to consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Id.*; *see also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The court may excuse failure to comply with Rule 26(a) only if "the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Otherwise, the remedy is to exclude such evidence or testimony. *Id.* "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]." *Olivarez v. Geo Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016) (citation omitted).

The first factor considers the relative importance of the testimony. The Fifth Circuit has taken two separate approaches to determining the importance of a late-designated expert's testimony. *See, e.g., Soliz v. Assocs. in Med., P.A.*, No. H-06-2785, 2007 U.S. Dist. LEXIS 53690 (S.D. Tex. July 25, 2007). Under one approach, the more important the proposed expert witness, the more important was the need to designate that witness timely. *Id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791–92 (5th Cir. 1990)). Under the alternative approach, the more important the witness, the more latitude the district court should give a party to designate after the deadline. *See id.* (citing *Betzel*, 480 F.3d at 707–08 (5th Cir. 2007)). Under either approach, the importance of the testimony cannot override the other factors relevant to deciding whether to permit late designation. *Id.* (citing *Betzel*, 480 F.3d at 708).

Luna argues that the testimony of both Dr. Iversen and Mr. Davenport are "essential" to her case. (Docket Entry No. 19 at 5). Macy's does not respond to the relative importance of these experts, except to note that Macy's took Luna's deposition without either witness's opinion available to them. Luna argues that "[i]t is more likely than not that she will continue to experience medical difficult with her lower back for the rest of her life," that and without Dr. Iversen's testimony about her prior treatment and likely future care requirements, and Mr. Davenport's testimony about the cost of future care, she "may be significantly inhibited in her ability to present the necessary expert testimony to support an award of future medical care expenses." (Docket Entry No. 19 at 5–6).

Luna has designated 14 different medical-treatment providers, in addition to Dr. Iversen, to testify about her medical care, diagnosis, and prognosis. (Docket Entry No. 16). She has designated and provided records from her treating physicians, who can testify to her likely future medical care. To the extent Mr. Davenport is to testify about the arithmetic to calculate the present cost of future health care, that is just arithmetic and does not require an M.B.A. The proffered testimony of these two experts, who did not provide timely reports as part of the required designation, is cumulative or unnecessary.

The testimony of the two newly designated experts—Solis Auces and an unnamed neuropsychologist—presents different considerations. Luna alleges that she has only recently been treated for major depression as a result of her injuries and inability to work. This testimony is more important because it presents new information. The timing also presents a substantial justification for the delay.

The second and third factors relate to the degree of prejudice to the opposing party if the late-designated expert witnesses are allowed to testify and the extent to which this prejudice can

be cured by a continuance. The Fifth Circuit has "repeatedly emphasized that a continuance is the 'preferred means of dealing with a party's attempt to designate a witness out of time . . . .'" *Campbell*, 138 F.3d at 1001 (quoting *Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989)). Delay, however, can be sufficient prejudice to exclude late-designated expert witness testimony. *See, e.g.*, *Geiserman*, 893 F.2d at 791 (5th Cir. 1990) ("Such delay, however, would have disrupted the court's discovery schedule and the opponent's preparation. . . . Regardless of Geiserman's intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increase resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."); *but see Betzel*, 480 F.3d at 708 (no prejudice in delay based on circumstances of the case).

Here, on the one hand, the discovery deadlines have passed and the dispositive motion deadline is less than two weeks away. To allow Luna's late designation will require reopening discovery and allowing the defendants to depose Luna's new witnesses and to designate any responsive experts. This would delay the schedule by at least several months, increasing the litigation expenses significantly. While Macy's was not surprised by the designations of either Dr. Iversen or Mr. Davenport, because Luna had previously designated both as experts, Macy's did not have timely notice of their opinions because she failed to timely produce their reports. The two mental-health providers are new and their late designation is a surprise to Macy's.

The last factor addresses the plaintiff's explanation for the delay. Luna's explanations are unconvincing. She argues that 20 days was insufficient time to produce her reports, but she

did not ask for additional time from the court when she knew she could not meet that deadline. Instead, she waited more than two months after her expert-designation deadline had passed and she had been deposed, and after the responsive expert-designations had passed before asking the court for more time and the opportunity to designate two new experts.

Luna states that when she designated Dr. Iversen as a retained expert on March 20, she was given a May 9 appointment for her examination. She knew then that the report from that examination would not be ready for another 30 days after that date. Yet she failed to notify the court or opposing counsel that she would need additional time to produce the report.

Luna argues that the two new mental-health experts could not have been designated earlier because she was not referred to them for treatment until her May 9 appointment with Dr. Iversen. Macy's disputes this, arguing that Luna had shown symptoms of depression for months before May 9, citing to her consultation with Dr. Iversen, in which she stated that she had been depressed since October 2017, and reports from other treating physicians that expressed concerns about Luna's mental health.

Luna's explanations for the delays fall short of "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply" with the designation deadline. *Olivarez*, 844 F.3d at 205. Luna knew she could not meet the deadline to produce the reports when she designated Dr. Iversen and Mr. Davenport, but said nothing about needing more time. Luna showed documented signs of depression and mental-health problems since at least March 2018, when Dr. Subramanian recommended she seek an evaluation for her depression. She provides no explanation for failing to seek an extension from the court to allow her to find and see another mental-health expert. (Docket Entry No. 24-1 at 10).

6

All of the factors weigh against allowing Luna to amend her expert designation. The motion for leave to amend, (Docket Entry No. 19), is denied and the expert testimony from Dr. Iversen, Mr. Davenport, Solis-Auces, and the unnamed neuropsychologist is excluded.

SIGNED on June 15, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge