United States District Court
Southern District of Texas
**ENTERED**
July 23, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH LUNA | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-17-1759 |
| v. | § | |
| | § | |
| MACY'S SOUTH, INC. and | § | |
| MACY'S RETAIL HOLDINGS INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Macy's moves for partial summary judgment on Luna's claim for gross negligence and punitive damages. (Docket Entry No. 27). Macy's argues that Luna cannot establish that it "authorized or ratified any involved employee's alleged actions/inactions and or that any involved employee was a vice principal for Macy's." (Docket Entry No. 27 at 3). Macy's also argues that Luna cannot meet the heightened standard for gross negligence because she neither presents nor points to evidence that the circumstances presented an extreme degree of risk or that Macy's was subjectively aware of the risk of harm and consciously indifferent to it. (*Id.* at 3–4).

Under Texas law, a corporation cannot be liable for punitive damages based on the conduct of its employees or agents under *respondeat superior*. *See, e.g., Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 390 (Tex. 1997) (citing *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 402 (Tex. 1934), *overruled on other grounds by Wright v. Gifford-Hill & Co.*, 725 S.W.2d 712, 714 (Tex. 1987)). Texas recognizes "exceptional liability," which holds corporations liable for punitive damages only if the corporation itself acts with gross negligence. *Id.* at 391 (citing *Fort Worth Elevators*, 70 S.W.2d at 406). Texas law requires proof of two elements to establish gross negligence: an objective element that "the actor at the time of [the act

or omission's] occurrence involves an extreme degree of risk, considering the probability of the potential harm to others[,]" and a subjective element that the actor has "awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11).

Luna responded to Macy's motion by stating that she:

> does not oppose the relief sought because there is not clear and convincing evidence that Macy's vice principals Penney Fontenot ("Fontenot") or Zoe White ("White") had 'actual, subjective awareness of the [extreme degree of risk, considering the probability and magnitude of potential harm to others] involved,' or that Macy's proceeded *subjectively* with 'conscious indifference to the rights, safety, or welfare of others.

(Docket Entry No. 33 at 2) (quoting TEX. CIV. PRAC. & REM. CODE § 41.001(11)) (alterations and emphasis in original). Luna maintains that the objective element of gross negligence is satisfied, but because "Fontenot testified that she was not aware of the likelihood that Luna would be injured in the subject incident," and "the circumstantial evidence of subjective awareness does not rise to the level of clear and convincing evidence," Luna does not oppose summary judgment in favor of Macy's. The parties agree, and the court finds, that "there is not clear and convincing evidence that Macy's vice principal had actual, subjective awareness of the extreme degree of risk of harm." (Docket Entry No. 33 at 7–8).

Based on the parties' agreement, Macy's motion for partial summary judgment is granted and Luna's claim for gross negligence and punitive damages is dismissed, with prejudice.

SIGNED on July 23, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge