IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH LUNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1759 |
| | § | |
| MACY'S SOUTH, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & OPINION ON THE DEFENDANT'S MOTION TO STRIKE EXPERTS FOR LATE DESIGNATION**

Macy's moves to strike Luna's experts, Dr. Do and Ms. Bolton, for late designation. (Docket Entry No. 28). Luna moves for a continuance to seek reconsideration of the court's June 15 ruling striking two other experts, Dr. Iverson and Mr. Davenport. (Docket Entry No. 32). Macy's motion to strike experts Dr. Do and Ms. Bolton is denied. Luna's motion for a continuance is denied. Luna's motion to reconsider is granted in part and denied in part; the court grants Luna leave to designate and provide records from only those treating medical-provider experts from whom she had received treatment when she made the designations on June 1, 2018. She may not designate medical providers from whom she had not received treatment when she designated them as experts.

The reasons are explained below.

**I.     Background**

Elizabeth Luna sued her former employer, Macy's, for back injuries she allegedly sustained while working. Luna sued in Texas state court on April 3, 2017, and Macy's timely removed. (Docket Entry No. 1). The court held a Rule 16 scheduling conference on February 27, 2018. Both counsel appeared and agreed to a docket control and scheduling order. (Docket Entry No. 8). The

1

scheduling order set a March 20, 2018 deadline for Luna to designate her expert witnesses and provide their reports, as required by Rule 26(a)(2). *Id.*

Luna designated her expert witnesses on March 20. (Docket Entry No. 16). The list included a number of nonretained treating medical providers to testify about Luna's medical condition, prognosis, damages, and causation. *Id.* Luna also designated two independently retained experts, Dr. Sasha Iverson, D.O. and William L. Davenport, M.B.A. Luna did not include the Rule 26(b)(2) reports with her filing, nor did she serve Macy's with reports.

Two months later, on May 21, 2018, Luna filed a motion for leave to amend her expert designations. (Docket Entry No. 19). Luna asked the court to allow her to serve the expert reports from Dr. Iversen and Mr. Davenport, and to designate two mental-health experts, Karla Solis-Auces, and an unnamed neuropsychologist, both of whom were treating her for major depression. *Id.* On June 15, 2018, the court denied Luna's motion for leave to amend, finding the Fifth Circuit's *Betzel* factors weighed against granting Luna's request for a continuance. (Docket Entry No. 26).

On June 1, 2018, Luna filed a supplemental designation of expert witnesses to include two more experts—Dr. Victoria Do and Ms. Shameka Bolton—neither of whom were named in the May 21 motion. (Docket Entry No. 21). Macy's now moves to strike those experts because: (1) Luna's June 1 designation failed to comply with Rule 26(a)(2); (2) Luna has failed to demonstrate that Dr. Do's or Ms. Bolton's testimony is important; (3) Macy's will suffer significant prejudice if Ms. Bolton and Dr. Do are permitted to testify; (4) a continuance will not cure that prejudice; and (5) Luna has not given an adequate excuse for her delay in designating Dr. Do and Ms. Bolton. (Docket Entry No. 28).

On July 13, 2018, Luna responded to Macy's motion to strike the experts requesting that the

2

court: (1) grant a continuance so that Luna may further respond to the June 15 ruling denying her motion for leave to designate additional experts and to give her new attorney time to familiarize himself with the case; (2) reconsider the June 15 ruling denying the late-designated experts; and (3) acknowledge that Dr. Do and Ms. Bolton were identified in the May 21 motion "as-yet unidentified mental health physicians." (Docket Entry No. 32).

On July 20, 2018, Macy's replied in support of its motion to strike Luna's experts. (Docket Entry No. 35). Macy's argues that: (1) Luna's previous attorney is still serving as counsel, so a continuance on that ground is unnecessary; (2) Luna has had adequate time to designate experts, but has failed to do so in a timely manner; (3) Luna has failed to address the Fifth Circuit's *Betzel* factors in her argument; and (4) Luna has presented no new arguments that would require the court to reconsider its June 15 ruling. *Id.*

**II.     Legal Standard**

A district court has "wide latitude" in pretrial matters to issue orders based on "intelligent flexibility." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). "In determining whether to permit the late designation of an expert, district courts apply the four-factor test established in *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007), considering 1) the explanation given for the failure to identify the witness, 2) the importance of the witness's testimony, 3) potential prejudice to the opposing party in allowing the witness's testimony, and 4) the possibility that a continuance would cure such prejudices." *Smith v. Johnson & Johnson, Inc.*, 483 Fed. App'x 909, 913 (5th Cir. 2012).

The court may excuse failure to comply with Rule 26(a) only if "the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Otherwise, the remedy is to exclude such

3

evidence or testimony. *Id.* "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]." *Olivarez v. Geo Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016) (citation omitted).

**III.    Analysis**

Luna concedes she "cannot in good faith oppose the . . . [m]otion" without "a continuance contemplating a revised schedule." (Docket Entry No. 32 at ¶ 6). Luna instead asks the court to grant her a continuance "so that the issues in the June 15, 2018 [o]rder may be reconsidered." (Docket Entry No. 32 at ¶ 1).

Luna presents no explanation or compelling reason why she needs a continuance in order for her to present and the court to rule on a motion to reconsider the June 15 order. Her motion to reconsider is properly considered under Rule 54(b), which allows "parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time [before the entry of a judgment]' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). The court's June 15 ruling is not dispositive of Luna's claim and did not end this action; it may be revised at any time, without a continuance.

Luna also requests a continuance because Mr. Dana G. Kirk "will be assuming lead counsel" duties and "requests leave so that he may familiarize himself with the case and so that the discovery in the case can be completed." (Docket Entry No. 32 at ¶ 7). Macy's argues that Luna is trying to circumvent the discovery deadlines and that a continuance is unnecessary because Mr. Kirk is not substituting as Luna's counsel, but adding himself as co-counsel. (Docket Entry No. 35 at 6).

4

Even if the court grants a continuance so that Luna's added counsel may familiarize himself with the case, Luna fails to explain why that continuance should apply to discovery deadlines that have already passed. *See Prudential Mortg. Capital Co., L.L.C. v. Faidi*, 444 Fed. App'x 732, 736 (5th Cir. 2011). In *Faidi*, the defendant requested a continuance for a later trial date after he substituted his attorney. The Fifth Circuit found that the district court's denial of the continuance did not cause the defendant to suffer serious prejudice, because deadlines for the pretrial materials had already passed when the attorney was substituted. *Id.* ("[T]he pretrial phase largely concluded . . . before [defendant's] original counsel withdrew."). Luna's original counsel has not withdrawn and the continuance Luna seeks is of a deadline that passed four months ago. Adding new counsel to the case is an insufficient reason to reopen and extend discovery or expert deadlines that have already passed. The motion for a continuance is denied.

Although Luna primarily asks the court for a continuance so that she may move for reconsideration of the court's June 15 ruling, she also presents arguments as to why the court should reconsider the ruling denying her leave to file amended expert designations. (Docket Entry No. 26). The court construes these arguments as a motion to reconsider.

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Courts "consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential

5

prejudice; and (4) the explanation given for the failure to identify the witness." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The *Betzel* factors weigh toward allowing only the designation of Dr. Do, Ms. Bolton, and Ms. Solis-Auces, all of whom are have already provided medical treatment to Luna. The prejudice to Macy's is limited because Dr. Do, Ms. Bolton, and Ms. Solis-Auces have already treated Luna and their records, which substantially comprise the Rule 26 reports for treating providers, can be produced promptly. Any need to redepose Luna will be limited and will not require a lengthy continuance. The addition of these witnesses does not bear on the motions for summary judgment, but on issues of causation and damages that were not briefed and remain to be resolved. The explanation for late designation suffices. Luna had not yet received treatment from these providers at the time of the March 20 designation deadline.

The court declines to alter or amend the ruling excluding the testimony of Dr. Iverson and Mr. Davenport.

**IV.     Conclusion**

Luna's motion for a continuance, (Docket Entry No. 32), is denied. Luna's motion to reconsider the court's June 15 ruling, (Docket Entry No. 32), is granted in part as to the designation of Solis-Auces, and denied in part as to the designation of Dr. Iversen and Mr. Davenport. Macy's motion to strike Do and Bolton, (Docket Entry No. 28), is denied.

Luna may designate only Dr. Do, Ms. Bolton, and Ms. Solis-Auces to testify about treatment they have already provided Luna. Luna must produce her medical records from those providers

immediately, no later than **August 10, 2018**, and must make herself reasonably available for Macy's to take her deposition on issues related to those records and treatment.

SIGNED on July 27, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge